By the Court.
Section 523 of the code in substance provides, that no proceeding in error shall be commenced, unless within three years (now reduced to two years by the revised ¡statutes, 6723), after the rendition of the judgment; or in case the person entitled to' such proceeding be an infant, a married woman, a person of unsound mind, or imprisoned, within three years as aforesaid, exclusive of the time of such disability.
In Robinson v. Orr (16 Ohio St. 285), and Buckingham v. Commercial Bank (21 Ohio St. 131), it was held, that a proceeding in error was not commenced within the meaning of this ■.section, by the mere filing of a petition in error in the proper court; and that section 20 of the code, by analogy, furnished the rule by which to determine when the proceeding was commenced.
By section 20 of the code an action is not deemed commenced until the date of the summons which is served, unless the appearance is otherwise effected.
No proceeding in error was therefore commenced or pending in the case before us, within the time limited.
*314 This court had acquired no jurisdiction over the person or subject-matter, when this motion was filed.
In Marinda v. Dowlin (4 Ohio St. 500), Little Miami R. R. v. Hopkins (19 Ohio St. 279), Railway Co. v. Wicks (35 Ohio St. 247), and Piatt v. Sinton (35 Ohio St. 282), it was-held, that unless the action was commenced within the time prescribed by law, the court had acquired no jurisdiction, and that a motion to dismiss was the proper mode of raising the question. In each of these cases the record showed that the petition in error was filed after the time had elapsed.
In the case last cited the motion was sustained, unless the-plaintiff amended his petition, showing facts which brought him within the saving clause of the statute.
They all rest upon the ground, that unless the action is commenced by filing a petition and by service of summons, or by waiver of such service, the court has no jurisdiction of the case.
In the case at bar the petition was filed within the time, but no summons was issued or served, nor was the appearance otherwise effected within the three years.
Proceedings in error were not therefore commenced when this motion was filed.
Looking at the record alone, no right now exists to commence such proceedings. If any of the disabilities exist, which take the case out of the statute, they should appear by proper averment of fact, upon which issue may be taken. The case at bar does not differ in principle from the cases cited, wherein the petition was filed after the time had elapsed \ in this as well as those cases no action was commenced.
It is said, that the practice is settled otherwise in Robinson v. Orr (supra). In that case, the petition was filed within-the time, but as we infer, followed by service after, and the-only question considered and reported is the one already stated. It incidentally appears, however, in the statement of the case, that at the previous term a motion to dismiss had been overruled, and the defendant required to set up the same matter by answer.
This action at the previous term was never otherwise re *315 ported, and it can hardly be regarded as settling the practice, in view of the fact that it is not in harmony with the cases cited, which are analogous in principle and which appear to have-received the full consideration of the court. Again, reference is had to the rule of pleading, that the statute of limitations, should be pleaded, but in Robinson v. Orr, and all the eases, cited, it is held to be essential to the jurisdiction of the court,, on error, that the proceeding in error should be commenced by a service or waiver within the time. In this important respect.it differs from the personal privilege of pleading the statute of limitations at common law.
Nor is the conclusion reached at variance with the holding-in C. C. & C. R. R. v. Mara, (26 Ohio St. 185). That was a case reserved in the district court for decision here within the-three years, but no service or appearance within that time. It was held that the defendant, by appearing after the time had expired, and having the case set for oral argument, which wasafterwards partially argued on its merits, was estopped from objecting for want of service. The grounds for this holding are that any other rule of practice would enable paiiies to-trifle with the court.
We do not question the principle settled in that case, that where the petition in error is filed, but there is no service within the time, the defendant may, after the time, by voluntarily appearing to the merits, estop himself from denying service-within the time, or from questioning the authority of the court to hear and determine the case on the merits.
Following the line of authorities cited, we conclude, that where it appears from the face of the record that the time for commencing the action has expired, before service has been made or the appearance effected, the case will be dismissed on motion for that purpose, unless the plaintiff in error, by amendment of his petition, alleges facts showing that he is within the savings of the statute.
White, J.
In so far as it may be implied from the language of the above per curiam, that, where the petition is filed in time, it is also essential to jurisdiction over the subject that. *316 -the summons should be served, or a voluntary appearance -effected witbin tbe time limited, I do not concur.
In such cases, if process is served or tbe voluntary appearance of tbe defendant effected after tbe time, and no objection-is made on the ground of lapse of time, tbe objection is waived and tbe court has jurisdiction of tbe case. Rut where tbe objection appears on tbe record, I see no reason why tbe party may not avail himself of it by motion, as is done in this ease, as well as by answer, as was done in Robinson v. Orr.
In tbe latter case, tbe facts showing tbe disability would be required to be set up by reply ; in tbe former by tbe petition.